```
              IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

                           CHARLESTON
```

**TERRY THOMAS,**

      **Plaintiff,**

**v.**                                    **Case No. 2:08-cv-00126**

**MARY WESTFALL, Medical Director,
DAVID MILLER, Physicians Assitant,
CORRECTIONAL MEDICAL SERVICES, INC.,
JAMES RUBENSTEIN, Commissioner, Division
of Corrections, DAVID BALLARD, Warden,
Mount Olive Correctional Complex,
ACA Delegated Employees, Unknown Agents,
JANE/JOHN DOE, Unknown Defendants for
Correctional Medical Services, The Division
of Corrections, ACA, and the Medical Board
Accreditation,**

      **Defendants.**

## PROPOSED FINDINGS AND RECOMMENDATION

On February 22, 2008, Plaintiff filed a Complaint alleging negligence and deliberate indifference to his serious medical needs by the defendants. (Docket sheet document # 2). On February 22, 2008, Plaintiff also filed a "Motion for Temporary Restraining Order and/or Preliminary Injunction Against Respondents and/or Their Agents" (# 4). In that motion, Plaintiff generally asserts that he is in danger of immediate and irreparable injury by retaliatory acts of the defendants, in violation of his constitutional rights, because he filed his Complaint.

On April 22, 2008, Plaintiff filed a document entitled "Motion for Emergence [sic; Emergency] Injunction (# 11), in which he asserts that, after being served with his Complaint, defendant Westfall, or other agents or employees of defendant Correctional Medical Services, Inc. (hereinafter "CMS"), began shredding documents and medical records.  Plaintiff's motion requests that the court issue an injunction preventing defendant Westfall or anyone else from further shredding documents, memoranda or medical records until this civil action is resolved.

On June 2, 2008, Plaintiff filed another "Emergency Request for Motion for Temporary Restraining Order" (# 39), in which he asserts that Warden Ballard's decision to have the external disk drives on the computers in the law library at the Mount Olive Correctional Complex removed has been done as an act of retaliation against those inmates who have filed civil lawsuits and habeas corpus petitions, and internal grievances using those computers.

The undersigned will first address the standard of review for motions for temporary restraining orders or preliminary injunctions and will then address each of Plaintiff's motions under that standard.

**STANDARD OF REVIEW**

It is well-settled that a preliminary injunction is an extraordinary form of relief that is to be granted only if no adequate remedy at law exists, and the movant establishes a clear

entitlement to relief. See Federal Leasing, Inc. v. Underwriters at Lloyd's, 650 F.2d 495, 499 (4th Cir. 1981). The United States Court of Appeals for the Fourth Circuit has set forth four factors which must be considered in order to grant a preliminary injunction: (1) the likelihood of irreparable harm to the plaintiff if the preliminary injunction is denied; (2) the likelihood of harm to the defendant if the requested relief is granted; (3) the likelihood that the plaintiff will succeed on the merits; and (4) the public interest. See Rule 65(a); Blackwelder Furniture Co. v. Selig Manufacturing Co., Inc., 550 F.2d 189, 195-96 (4th Cir. 1977); Direx Israel, Ltd. v. Breakthrough Medical Corp., 952 F.2d 802, 812 (4th Cir. 1991). Rule 65 of the Federal Rules of Civil Procedure requires Plaintiff to make a showing of "specific facts in an affidavit or a verified complaint [that] clearly show that [he will suffer] immediate and irreparable injury, loss or damage" in order for a temporary restraining order to issue. Fed. R. Civ. P. 65(b)(1)(A).

## ANALYSIS

**A. Plaintiff's First Motion for Temporary Restraining Order and/or Preliminary Injunction.**

Plaintiff's first motion for a Temporary Restraining Order (hereinafter "TRO") and/or Preliminary Injunction was filed on the same day as his Complaint. It states in pertinent part:

> Because the Plaintiff has filed this Suit, he is in danger of immediate and irreparable injury which the Plaintiff, his witnesses, his inmate Legal Aide now

>   stands in direct path of immediate actions such as having their room//cell searched, papers taken, processor taken to prevent further litigation against them, or proceeding further litigation on his Criminal Case, or as previous acts of being placed in administrative segregation, or other punitive settings for filing and seeking justice.
>
>   The Defendants will not be substantially harmed if the Court grants the Plaintiff's Motion, to insure no further illegal and unconstitutional acts that is and has been portrayed against the Plaintiff.
>
>   * * *
>
>   The agents in charge at M.O.C.C. routinely use, and engage in discrimination, favoritism, harassment, arbitrary and capricious decision making, intimidation, unethical practices, as well as flagrant and deliberate abuses of their discretionary powers in taking actions against those in their care, custody and control, and routinely practice what can only be described as retaliatory actions and practices against both inmates and staff, to get their way and teach those in their care who is boss, even though they know it is unconstitutional.
>
>   Although Plaintiff can with such restraining order, subpoena number of inmates who after their names came upon on the witness list, were locked up in administrative segregation, and the person who filed the litigation had received also been harassed. This can be established. The Plaintiff can even support the fact witnesses has been tampered with in the since they have been told not to talk to the inmate, even though they were called and listed as witnesses by the inmate.

(# 4 at 2-4).

On April 28, 2008, defendants Rubenstein, Ballard and John Doe, by counsel, filed a Response to Plaintiff's Motion for a TRO or Preliminary Injunction (# 14). The Response contends that Plaintiff's assertions and "fears" are unfounded. It further states:

4

> Messers. Rubenstein, Ballard and Doe have statutory duties to protect him from the very imagined harms of which he complains in his Motion. A preliminary injunction or restraining order of the sort Mr. Thomas desires would simply duplicate these Defendants' statutory duty and the rules and regulations in place at the Mount Olive Correctional Complex.

(Id. at 1-2). The response then addresses the well-settled law concerning preliminary injunctions and restraining orders, which was set forth by the undersigned above. (Id. at 2-3). The response further states:

> Mr. Thomas' Motion made no showing that he is likely to suffer irreparable harm, nor was he able to state any fact with regard to whether he is likely to succeed on the merits of his case. Mr. Thomas has also failed to attach an affidavit executed by himself or any other person that would tend to show he is in immediate danger.

(Id. at 3).

These defendants further assert that Plaintiff's motion must comply with the requirements of 18 U.S.C. § 3626(a)(2), which states:

> Preliminary injunctive relief. In any civil action with respect to prison conditions, to the extent otherwise authorized by law, the court may enter a temporary restraining order or an order for preliminary injunctive relief. Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity set out in paragraph (1)(B) in tailoring any preliminary relief. Preliminary injunctive relief shall automatically expire on the date that is 90 days after its entry, unless the court makes the findings required under subsection or the entry of prospective relief and makes the order final before the

5

expiration of the 90-day period.

18 U.S.C. § 2626(a)(2). (# 14 at 3). These defendants assert that Plaintiff's request for preliminary injunctive relief is based entirely on speculation, and would bar the defendants from performing the duties of their respective offices. (Id.) Their response further states, "[s]imply put, Mr. Thomas is an inmate and is treated in the same manner as all inmates at Mount Olive Correctional [Complex], in accordance with applicable law." (Id.)

The undersigned agrees that Plaintiff has not demonstrated that he is in imminent danger of irreparable harm. Plaintiff's assertions in his Motion for a TRO or Preliminary Injunction are based upon mere speculation that one of the defendants or some other MOCC employee will retaliate against him because he filed the instant lawsuit. "[T]he clear showing of irreparable harm proffered by the movant can not be either remote or speculative; it must be both actual and immediate." Al-Abood v. El-Shamari, 71 F. Supp.2d 511, 514 (E.D. Va. 1999).

Furthermore, Plaintiff's claim that the defendants may retaliate against him concerns a separate issue from his claim that he was denied appropriate medical treatment, either as a result of negligence, or deliberate indifference to a serious medical need, in violation of his Eighth Amendment rights. Thus, before litigating this issue in a federal court, Plaintiff must satisfy the exhaustion requirement under 42 U.S.C. § 1997e(a).

The undersigned proposes that the presiding District Judge **FIND** that Plaintiff has not established that he is entitled to preliminary injunctive relief based upon his speculative fear of retaliation for filing this civil lawsuit. Accordingly, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** Plaintiff's "Motion for Temporary Restraining Order and/or Preliminary Injunction Against Respondents and/or Their Agents" (# 4).

### B. Plaintiff's Motion for Emergency Injunction.

On April 22, 2008, Plaintiff filed a document entitled "Motion for Emergence [sic; Emergency] Injunction" (# 11), in which he requests an Order "preventing Defendant Mary Westfall, or any agent or employee of Correctional Medical Services, or any other person or persons from any further shredding documents, Medical records, Memorandums or any other medical records until the above action is resolved." The motion further asserts:

> Plaintiff states that after the Defendant Westfall was served with her complaint and the main office of Correctional Medical Services were notified, they started immediately shredding various medical documents which over seven large trash can[s] of records has already been destroyed and further records are still being destroyed as they are taken out to the dumpster which has been observed by inmates, and Correctional Medical Service staff.
>
> Wherefore Plaintiff respectfully prays this Honorable Court will enter said Order (immediately) to prevent further obstruction of justice, and tampering with potential evidence in support of the Plaintiff's claim.

7

(Id. at 1-2).

Plaintiff also filed a Memorandum of Law in support of his motion, in which he claims that the defendants "have acted individually and in concert to shred various documents in which began after the Plaintiff['s] complaint was served upon the Defendants." (# 12 at 1). The Memorandum of Law further states:

> In the instant case, Plaintiff has demonstrated because the Defendants are shredding such documents, in his process of seeking discovery, and obtain certain evidence, documents from the defendants, Correctional Medical Services, unless they are prevented from destroying potential discoverable evidence, the Plaintiff will sustain irreparable injury. The Defendants should not be allowed to destroy any potential Medical Records of any form, or any other records until this case is fully litigated.

(Id. at 3). Plaintiff asserts that the defendants' conduct has violated his 1st, 5th, 6th, 8th, and 14th Amendment rights, and that he is likely to prevail on the merits of his claims, but does not explain how his rights have been violated. (Id. at 3-4).

On April 28, 2008, defendants Rubenstein, Ballard and John Doe filed a Response to Plaintiff's Motion for an Emergency Injunction (# 15). In that response, these defendants state as follows:

> At the outset, it should be noted that Mr. Thomas does not allege that these Defendants (the "DOC Defendants") are destroying records of any type. However, upon receipt of his motion, the DOC Defendants inquired after the alleged destruction of documents at the facility. Conversations with representatives of co-Defendant CMS reveal that CMS is destroying records pursuant to their document retention policy. See, Policies P-H-06 and P-H-06.01, attached as Exhibits One and Two. These policies maintain that certain reports and logs need only be maintained for five years before

>being shredded. Upon information and belief, the policies conform to the standards of the American Correctional Association.
>
>Further, the DOC Defendants submit the Affidavit of Cheryl Chandler. See Exhibit Three. Ms. Chandler's Affidavit states that, despite Mr. Thomas' concerns, the DOC Defendants are not destroying any files relevant to the pending case. Ms. Chandler also states upon information and belief that no prisoner files that are not duplicated elsewhere are being destroyed. Id. Lastly, Ms. Chandler states that the DOC will maintain full and complete prisoner records in accordance with West Virginia law.

(Id. at 2). Thus, the DOC Defendants assert that the records being archived or destroyed have nothing to do with Plaintiff's case and, therefore, Plaintiff cannot show irreparable harm from their destruction. (Id. at 2-3).

The undersigned has reviewed the exhibits provided by the DOC Defendants and believes that, under Correctional Medical Services and DOC policy, no inmate medical records are being destroyed. The document retention policy, as stated in Exhibit 2 to document # 15, permits the destruction of documents such as grievance logs and supporting documentation, quality improvement activities, including meeting minutes, peer review mortality and morbidity reports, staff meeting minutes, and various other logs that are not specifically related to any inmate's medical information, and employee records. None of this information appears to be related to Plaintiff's Eighth Amendment or negligence claims. Furthermore, this complaint is subject to the grievance exhaustion process, prior to being addressed by this federal court.

Accordingly, the undersigned proposes that the presiding District Judge **FIND** that Plaintiff has failed to establish that he is entitled to the requested injunctive relief. Therefore, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** Plaintiff's Motion for Emergency Injunction (# 11).

**C. Plaintiff's Third Motion for Injunctive Relief.**

On June 2, 2008, Plaintiff filed a document entitled "Plaintiff's Emergence [sic; Emergency] Request for Motion for Temporary Restraining Order" (# 39). In this motion, Plaintiff, like several other inmates incarcerated at the Mount Olive Correctional Complex ("MOCC"), asserts that Warden Ballard's decision to remove external disk drives from the computers in the law library at MOCC has been done in retaliation for Plaintiff's filing of a civil lawsuit. As described by Plaintiff in his motion, the removal of the external disk drives prohibits inmates from saving their legal work on a floppy disk for later use. Thus, according to Plaintiff, an inmate must start his work all over again the next time he needs to draft a legal document. Plaintiff requests that this court order the defendants to restore the disk drives to the computers and restrain the defendants from retaliating against Plaintiff, as asserted in his initial Motion for a Temporary Restraining Order.

Plaintiff has not shown that he in danger of suffering irreparable harm from the removal of the disk drives from the law

library computers at MOCC. The Warden's decision to remove the disk drives, while probably inconvenient and inefficient for the inmates, affects all of the inmates, not just Plaintiff, and does not hinder Plaintiff's right of access to the courts. Plaintiff may still use the computers or handwrite documents for filing with the courts.

Moreover, this claim is clearly a separate issue from the claims raised in Plaintiff's Complaint, and would be the subject of a separate civil action, after exhaustion of the available administrative remedies.

Accordingly, the undersigned proposes that the presiding District Judge **FIND** that Plaintiff has not established that he is entitled to the requested injunctive relief. Therefore, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** Plaintiff's "Emergenc[y] Request for Motion for Temporary Restraining Order" (# 39).

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), the Rules 6(e) and 72(b), Federal Rules of Civil Procedure, the parties shall have ten days (filing of objections), and then three days (service/mailing), from the date of filing this Proposed Findings and Recommendation within which to file with the

Clerk of this court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection.  Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of <u>de</u> <u>novo</u> review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  <u>Synder v. Ridenour</u>, 889 F.2d 1363 (4th Cir. 1989); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be served on opposing parties, Judge Faber and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Plaintiff and counsel of record.

    August 5, 2008
         Date

*Mary E. Stanley*
Mary E. Stanley
United States Magistrate Judge