```
           IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                      AT CHARLESTON
```

**TERRY THOMAS,**

    **Plaintiff,**

**v.**                                        **CIVIL ACTION NO. 2:08-00126**

**MARY WESTFALL, Medical Director, et al.,**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER

By Standing Order entered on August 1, 2006, and filed in this case on February 25, 2008, this matter was referred to United States Magistrate Judge Mary E. Stanley. (Doc. No. 5.) Pursuant to 28 U.S.C. § 636(b)(1)(B), the Standing Order directs Magistrate Judge Stanley to submit proposed findings and recommendations concerning the disposition of this matter. Magistrate Judge Stanley submitted her Proposed Findings and Recommendation ("PF & R") on August 5, 2008, recommending that this court (1) deny plaintiff's motion for temporary restraining order and or preliminary injunction (Doc. No. 4); (2) deny plaintiff's motion for emergency injunction (Doc. No. 11); and (3) deny plaintiff's emergency request for temporary restraining order (Doc. No. 39). (Doc. No. 64.)

In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted ten days, plus three mailing days, in which to file any objections to Magistrate Judge Stanley's PF & R.

Under § 636(b), the failure of any party to file objections within the appropriate time frame constitutes a waiver of that party's right to a de novo review by this court. <u>Snyder v. Ridenour</u>, 889 F.2d 1363 (4th Cir. 1989); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985).  The plaintiff filed his objections on August 19, 2008.  (Doc. No. 75.)

In the instant case, the plaintiff's objections discuss the "Constitutional requirements of pre-hearing Administrative Segregation," due process case law, the 12(b)(6) standard, and the liberal standard of review applied to pleadings filed by pro se litigants.  (Doc. No. 75 at 5-7.)  The plaintiff does not, however, make any arguments that support, above a speculative level, his fear of retaliation for filing this civil action.  After reviewing the record, the undersigned finds no evidence to support the plaintiff's contention that medical records are being destroyed, and also finds that the Warden's decision to remove the disk drives affects all of the inmates and does not hinder plaintiff's access to the courts.  Accordingly, plaintiff has failed to establish that he is entitled to the requested injunctive relief.

Having reviewed the PF & R filed by Magistrate Judge Stanley, the court hereby (1) **CONFIRMS** and **ACCEPTS** the factual and legal analysis within the magistrate judge's PF & R (Doc. No. 64); (2) **OVERRULES** plaintiff's objections thereto (Doc. No. 75);

(3) **DENIES** plaintiff's motion for temporary restraining order and or preliminary injunction (Doc. No. 4); (4) **DENIES** plaintiff's motion for emergency injunction (Doc. No. 11); and (5) **DENIES** plaintiff's emergency request for temporary restraining order (Doc. No. 39).

The Clerk is directed to forward copies of this Memorandum Opinion and Order to plaintiff, pro se, and to all counsel of record.

It is **SO ORDERED** this 9th day of September, 2008.

ENTER:

David A. Faber
United States District Judge