```
           IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                      AT CHARLESTON
```

**TERRY THOMAS,**

    **Plaintiff,**

**v.**                                  **CIVIL ACTION NO. 2:08-0126**

**MARY WESTFALL,** *et al.*,

    **Defendants.**

## MEMORANDUM OPINION

Before the court is the First Amended Complaint of plaintiff, an inmate at Mount Olive Correctional Complex ("MOCC"). (Doc. No. 96.) Plaintiff alleges deliberate indifference to his medical needs on the part of the defendants in violation of the Eighth Amendment to the United States Constitution. (Id.) By Standing Order entered August 1, 2006, and filed in this matter on February 25, 2008, this action was referred to Magistrate Judge Mary E. Stanley pursuant to 28 U.S.C. § 636 for her recommendation as to disposition. The court later adopted the magistrate judge's recommendation that defendants Jane Doe, John Doe, and the American Correctional Association be dismissed, and that the previous motion to dismiss of defendants Mary Westfall, David Miller, and Correctional Medical Services, Inc. ("the CMS defendants"), be denied. (Doc. No. 108.) On March 10, 2009, the court referred this matter to the magistrate judge for further proceedings. (Id.)

On July 24, 2009, Magistrate Judge Stanley submitted her Proposed Findings and Recommendation ("PF & R"), in which she recommended that this court grant the motion for summary judgment filed by the CMS defendants (Doc. No. 113); grant the motion to dismiss filed by defendants Jane Doe, John Doe, James Rubenstein, and David Ballard ("the DOC defendants")(Doc. No. 82); deny as moot the cross-claims of the DOC defendants against the CMS defendants; deny the motion to dismiss filed by defendants Wexford Medical Sources, Naomi Roberts, and John Doe ("the Wexford defendants")(Doc. No. 119); and again refer this matter to her for further proceedings relating solely to the Wexford defendants. (Doc. No. 135.) In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted ten days, plus three mailing days, in which to file any objections to the PF & R. Plaintiff submitted timely objections on August 7, 2009 (Doc. No. 139), of which the court has conducted a *de novo* review. See Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985). On September 30, 2009, the court overruled plaintiff's objections and indicated that an explanatory memorandum opinion would follow forthwith (Doc. No. 140); the court now issues its memorandum opinion.

## I. Background

Plaintiff's claims center around an inguinal hernia, the symptoms of which he first experienced in June of 2006.

Plaintiff has been denied surgery for the condition on the grounds that his hernia is reducible, i.e., that it may be pushed back into the abdomen. Although he has been given a truss for support as well as pain medication, he asserts that the hernia has grown in size and become more painful over time, causing him difficulty in urinating, lifting, and performing his prison job, and putting him at risk for "certain death" if the hernia were to rupture. He also contends that the pain from his hernia exacerbates his alleged heart condition. Plaintiff accordingly seeks surgery for the hernia.

Magistrate Judge Stanley found no evidence to indicate that hernia surgery is medically necessary, and concluded that plaintiff's mere disagreement with the diagnosis of his treating physicians is insufficient to support an Eighth Amendment deliberate indifference claim against the CMS defendants. (Doc. No. 135 at 25.) She further determined that plaintiff's failure to demonstrate an Eighth Amendment violation compelled the conclusion that he could not establish "that CMS has a policy or procedure that was a 'moving force' or a direct causal link" in the alleged constitutional deprivation. (Id. (citing Monell v. Dept. of Social Services, 436 U.S. 658 (1978); City of Oklahoma City v. Tuttle, 471 U.S. 808 (1985)).)

With regard to the Wexford defendants' motion to dismiss, the magistrate judge reasoned that plaintiff had met the standard

set forth in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007), because no evidence before the court refuted plaintiff's allegations that his hernia has worsened and that he has received no treatment for the condition since May 1, 2008, when Wexford replaced CMS as the contracted health care provider at MOCC. (Doc. No. 135 at 32-33.)

She concluded, however, that the same could not be said with respect to plaintiff's allegations against the DOC defendants. Citing the United States Supreme Court's decision in Farmer v. Brennan, 511 U.S. 825, 834 (1994), and the Fourth Circuit's decision in Miltier v. Beorn, 896 F.2d 848, 854 (4th Cir. 1990), the magistrate judge explained that the DOC defendants, as supervisory officials, took reasonable measures to ensure that plaintiff was seen by health care providers, and thus were entitled to rely on the professional judgment of trained medical personnel. (Doc. No. 135 at 37.) She therefore recommended dismissal of the DOC defendants, as well as dismissal of their cross-claim against the CMS defendants as moot.

## II. **Plaintiff's Objections**

In response to the magistrate judge's recommendations, plaintiff argues that, even if the individual CMS defendants followed appropriate policies and procedures, CMS, itself, should be held liable "for having a Policy that promotes pain and suffering, and brings about Cruel and Unusual Punishment." (Doc.

No. 139 at 8-9.) He takes issue with the idea that a policy could be constitutionally permissible where it disallows surgery for a reducible hernia, even if the hernia causes great pain. (Id.)

As the magistrate judge correctly explained, an inmate alleging an Eighth Amendment violation based on inadequate medical care bears the very heavy burden of showing that a prison official subjectively "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994). It is not enough under this standard that the inmate was the victim of negligence or even medical malpractice, and "[d]isagreements between an inmate and a physician over the inmate's proper medical care do not state a § 1983 claim unless exceptional circumstances are alleged. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985). Importantly, the right to treatment is "limited to that which may be provided upon a reasonable cost and time basis and the essential test is one of medical *necessity* and not simply that which may be considered merely *desirable*." Bowring v. Godwin, 551 F.2d 44, 47-48 (4th Cir. 1977)(emphasis added).

While plaintiff no doubt suffers discomfort from his condition which may be alleviated by hernia surgery, there simply

is no evidence before the court that such surgery is medically necessary.  The Fourth Circuit has deemed a hernia to be an "objectively serious medical problem" for Eighth Amendment purposes.  <u>Webb v. Driver</u>, 313 Fed. App'x 591 (4th Cir. 2008). In finding that prison medical staff violated the Eighth Amendment by deferring hernia surgery, however, the <u>Webb</u> court relied on documentation showing that two surgeons and one physician had recommended surgery, with one of the surgeons characterizing the surgery as "required."  <u>Id.</u> at 593.

In contrast, no medical professional has found surgery to be medically necessary for plaintiff's condition, a fact which is not mitigated by plaintiff's citation to general passages in a medical encyclopedia relating to hernia surgery.  The record establishes that, while under the care of the CMS defendants, plaintiff was examined regularly and treated repeatedly with medication and a truss.  Even viewing all facts and inferences in favor of plaintiff, the court finds no genuine issue of material fact such that plaintiff's allegations against the CMS defendants may proceed to trial.  <u>See</u> <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 325 (1986); <u>Charbonnages de France v. Smith</u>, 597 F.2d 406, 414 (4th Cir. 1979).  Their motion for summary judgment therefore must be granted, and plaintiff's objections on this point are overruled.

To the extent plaintiff raises other issues in his objections, he does not address his argument to the grounds upon which the magistrate judge based her recommendations. His remaining objections are therefore irrelevant and unresponsive to the reasoning contained in the PF & R, and must be overruled on that ground, as they do not "direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano, 687 F.2d at 47.

### III.  Conclusion

For the foregoing reasons, plaintiff's objections to the magistrate judge's PF & R are **OVERRULED**.  (Doc. No. 139.)  As set forth in the court's order of September 30, 2009, the court (1) **CONFIRMS and ACCEPTS** the magistrate judge's findings (Doc. No. 135); (2) **GRANTS** the motion for summary judgment of the CMS defendants (Doc. No. 113); (3) **GRANTS** the motion to dismiss filed by the DOC defendants (Doc. No. 82); (4) **DENIES** the motion to dismiss filed by the Wexford defendants (Doc. No. 119); (5) **DENIES AS MOOT** the cross-claims of the DOC defendants against the CMS defendants (Doc. Nos. 13-2, 104-2); and (6) **REFERS** this matter to Magistrate Judge Stanley for further proceedings consistent with the her July 24, 2009, recommendation.

The Clerk is directed to send copies of this Memorandum Opinion and Order to counsel of record and to plaintiff, pro se.

It is **SO ORDERED** this 6th day of November, 2009.

ENTER:  *David A. Faber*
David A. Faber
Senior United States District Judge