```
         IN THE UNITED STATES DISTRICT COURT
      FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

                       CHARLESTON

TERRY THOMAS,

        Plaintiff,

v.                                  Case No. 2:08-cv-00126

WEXFORD MEDICAL SOURCES, and
NAOMI ROBERTS, Medical Administrator,

        Defendants.
```

## PROPOSED FINDINGS AND RECOMMENDATION

On January 16, 2009, Plaintiff filed an Amended Complaint alleging deliberate indifference to his serious medical needs by the defendants. (Docket # 96). Plaintiff incorporated by reference a number of paragraphs from his original Complaint, which was filed on February 22, 2008 (# 2). The complaint documents will collectively be referred to as "Plaintiff's Amended Complaint."

Pending before the court is the motion for summary judgment filed by the two remaining defendants, Wexford and Ms. Roberts (# 161). By Memorandum Opinion entered November 6, 2009 (# 150), other defendants were dismissed or granted summary judgment. In the Memorandum Opinion, the presiding District Judge confirmed and accepted the findings in the Proposed Findings and Recommendation ("PF&R") filed on July 24, 2009 (# 135). Plaintiff took an interlocutory appeal, which was dismissed (# 159).

Plaintiff received a <u>Roseboro</u> warning[1] in the Order entered May 14, 2009 (# 116). Despite previously responding to motions for summary judgment filed by other defendants, Plaintiff failed to respond to the pending motion.

### PLAINTIFF'S ALLEGATIONS AND REQUESTS FOR RELIEF

Wexford assumed responsibility for inmate health care at Mount Olive Correctional Complex on May 1, 2008. Plaintiff's Amended Complaint alleges that on May 10, 2008, he put in an inmate sick call request for surgery for his hernia. An inmate may only see a physician if a nurse deems it necessary. He asserts, upon information and belief, that Wexford's practice and policy is for an inmate to see a doctor within 48 hours. (# 96 at 5, ¶ 4.45).

Plaintiff's Amended Complaint further alleges that he did not see a nurse or doctor in a timely manner, and that he filed a grievance on that issue on May 19, 2008. (<u>Id.</u> at ¶ 4.46). The response to the grievance stated, "You have been referred to see the Doctor and should be seen in the very near future." (<u>Id.</u>) He filed another grievance on May 26, 2008, in which he requested to see a specialist about his hernia. (<u>Id.</u> at 6, ¶ 4.47). The response Plaintiff received was "Referrals to outside sources are made by the Doctor." (<u>Id.</u>)

When he did not hear anything from Medical, he put in another sick call request, which stated:

---

[1] <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975).

> My right knee is weak and hurts when I walk because of my Hernia condition is getting worse. I can't exercise, I can't hardly breath going to eat and back. If as I been told, you can't do anything, then at least give me a wheel chair so I can get out from time to time. I can't go eat and go to pill line without hurting.

(Id. at 6, ¶ 4.48).

Plaintiff alleges that he was seen by a nurse about the wheel chair and was referred to the Physician's Assistant. (Id. at 6, ¶ 4.49). He put in another sick call slip on December 4, 2008, and was seen by a nurse on December 8, 2008. The nurse took his vital signs and told him that she was unsure of when the Physician's Assistant would be able to see him. (Id.)

On December 10, 2008, Plaintiff was called to medical for blood work, and alleges that nothing was done about his hernia or his request for a wheel chair. (Id. at 6, ¶ 4.50). Plaintiff's Amended Complaint further alleges:

> To the best of the Plaintiff's knowledge and belief, and prior experience, the policy of *Defendant Wexford* prevents the Plaintiff from seeking any assistance other than what they have on their sick call slip, or what they were call[ed] to the Medical Unit about. The inmates must fill out another sick call slip and wait until they are called again. The Plaintiff was given a[n] elastic slip on knee brace in 2006, and because of his weight gain, and his knee swelling the knee brace would actually cut off his circulation to his leg and it became of no use. Then his hernia belt was too small and causing him to chaff. Also because of the Plaintiff's hernia becoming further enlarged his hernia belt only aggravated his lower stomach as it chaffed him. Because after trying to obtain adequate help for his hernia condition, rather than face potential disciplinary action for having the braces in his room, or if he used them and became injured by the chaffing of the belt, or fell because of loss of circulation in his leg, he turned in his knee

>   brace and hernia belt.
>
>   As Defendant Wexford took over Medical Care at MOCC, they did not do any follow up on the Plaintiff's need to be fitted for the knee brace, or his hernia belt. Their primary concern is on placing him on blood thinner medication, and his heart, which if the Plaintiff's hernia burst[s], he will die before he can obtain help.
>
>   Plaintiff again filed another Grievance over his Hernia condition on December 11, 2008 because of the lack of care which is still pending.

(Id. at 6-7, ¶¶ 4.50 and 4.51 [misnumbered in Amended Complaint as 4.49].

Plaintiff claims that Wexford has a policy to cut costs and deny surgery, which is placing inmates' lives at risk and causing unnecessary pain and suffering. He suggests that this pattern and practice has called into question the deaths of 11 inmates since May 1, 2008. (Id. at 13, ¶ 4.66 [misnumbered as 4.64].

Plaintiff's Amended Complaint further alleges that defendant Naomi Roberts, who is employed by Wexford as Medical Director, has denied Plaintiff his needed hernia surgery. (Id. at 14-15, ¶¶ 4.68-4.72 [misnumbered as ¶¶ 4.66-4.70].

Plaintiff attached some exhibits to his Amended Complaint. Exhibit F-1 contains a grievance filed by Plaintiff on December 11, 2008, in which Plaintiff stated:

> Medical Director,
>
>   I have trid to get my hernia fixed since Wexford replaced CMS. Your doctor said he didn't have to fix it. I put in to see the PA or Doctor to get a wheelchair because of my knee hurting so bad and the pain with my hernia. I run out of breath just going to the dining

4

> hall. I seen a Mr. Gordon. He referred me to someone else then two weeks later I had to put in a request for find out why no one has seen me. They call me up to take my vitals then tell me the PA is too busy to see me. She has to go upstairs then back and forth to medical. The next morning they call me up for blood work. I refused. I then handed in all of my meds and supports. Because if you people can't help me with my pain and breathing problems because of my hernia keeping me from being able to exercise, then why worry about blood work. Why do you refuse to have my problems taken care of?

(# 96-2 at 16). The Unit Manager's response on December 18, 2008, was "You need to submit a sick call and be evaluated for further treatment." The Warden granted the grievance to the extent that the response above was given. (Id.) This appears to be the last evidence of record before this court concerning Plaintiff's medical treatment.

## DEFENDANTS' SUBMITTED FACTS

Defendants Wexford Medical Sources and Naomi Roberts ("the Wexford Defendants") have filed a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure (# 161). In support of their motion, the Wexford defendants submitted Ms. Roberts's affidavit (# 161-1), which incorporates a synopsis of care of Terry Thomas from May 1, 2008 until December 9, 2009, when Plaintiff was transferred to the Northern Regional Jail and Correctional Facility. The synopsis of care was not attached to Ms. Roberts's affidavit and may be found at # 163. Plaintiff has not submitted any sworn statements or other exhibits which contradict the facts set forth in the synopsis of care.

**STANDARD OF REVIEW AND APPLICABLE LAW**

The PF&R filed on July 24, 2009 (# 135), sets forth the standard of review for motions for summary judgment and the law applicable to claims by inmates that prison medical staff have been deliberately indifferent to their serious medical needs. Upon review of the synopsis of care, it is apparent that Plaintiff has received adequate medical attention for his hernia and other medical complaints during the period May 1, 2008 through December 8, 2009, when he was transferred out of Mount Olive. On at least two occasions, Plaintiff's hernia was examined by Wexford's Regional Medical Director. No physician has recommended that Plaintiff undergo surgery to repair his hernia. Plaintiff's other medical conditions, such as atrial fibrillation and right knee pain, have been treated consistently, even when Plaintiff refused to take prescribed medication.

The undersigned proposes that the presiding District Judge **FIND** that there is no genuine issue as to any material fact with regard to the adequate medical care administered to Plaintiff by the Wexford defendants and that the Wexford defendants are entitled to judgment as a matter of law.

**RECOMMENDATION**

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **GRANT** the Motion for Summary Judgment filed by the Wexford defendants (# 161), and enter a final

Judgment Order dismissing this action.

The parties are notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, Senior United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this "Proposed Findings and Recommendation" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendation" to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties and Judge Faber.

The Clerk is directed to file this "Proposed Findings and Recommendation," to mail a copy of the same to Plaintiff and to transmit it to counsel of record.

<u>July 9, 2010</u>                             *Mary E. Stanley*
    Date                                  Mary E. Stanley
                                        United States Magistrate Judge