```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                         CHARLESTON
```

**TERRY THOMAS,**
    **Plaintiff,**

v.                                    Case No. 2:08-cv-00126

**WEXFORD MEDICAL SOURCES, and**
**NAOMI ROBERTS, Medical Administrator,**
    **Defendants.**

                    MEMORANDUM OPINION AND ORDER

Before the court is Wexford Medical Sources' ("Wexford") and Naomi Roberts' ("Roberts") motion for summary judgment (Doc. # 161). For reasons more fully expressed below, the court **GRANTS** defendants' motion and **DIRECTS** the Clerk to remove this case from the court's docket.

### I.   Factual and Procedural Background

Plaintiff, Terry Thomas ("Thomas"), filed his first Complaint in this case on February 2, 2008. By Standing Order entered on June 19, 2003, this matter was referred to United States Magistrate Judge Mary E. Stanley for proposed findings and recommendation as to disposition. Thomas then filed an Amended Complaint on January 16, 2009, in which he supplemented the factual allegations contained in his original pleadings (Doc. # 96).

As the crux of his grievance, Thomas alleges that the defendants in this case willfully and inexcusably refused him

1

treatment for his hernia and cardiovascular problems, while plaintiff was a prisoner at the Mt. Olive Correctional Complex. Thomas specifically asserts that despite repeated requests for hernia surgery, defendants nonetheless took only palliative measures to help ease Thomas' pain.  Defendants' alleged disregard for his situation, Thomas asserts, amounts to cruel and unusual punishment under the Eighth Amendment to the United States Constitution.

On July 24, 2009, Magistrate Judge Stanley submitted her first Proposed Findings and Recommendation to this court, in which she recommended that the district court grant summary judgment in favor of certain former defendants (Doc. # 135).  By Memorandum Opinion and Order entered November 6, 2009, this court adopted Magistrate Judge Stanley's Proposed Findings and Recommendation and granted summary judgment in favor of the moving defendants (Doc. # 150).  Thomas then took an interlocutory appeal of the court's grant of summary judgment, which the United States Court of Appeals for the Fourth Circuit dismissed (Doc. # 159).  On March 1, 2010, Wexford and Roberts, as the remaining defendants in this case, filed the instant motion for summary judgment.

Magistrate Judge Stanley filed a second Proposed Findings and Recommendation on July 9, 2010.  Magistrate Judge Stanley proposed that the district court grant defendants' motion for

summary judgment and enter a final order dismissing this case from the court's docket.  In accordance with the provisions of 28 U.S.C. § 636(b) the parties were allotted fourteen days (plus three mailing days) in which to file objections to Magistrate Judge Stanley's Proposed Findings and Recommendation.

On July 23, 2010, Thomas timely filed a number of objections.  See Objections to Proposed Findings and Recommendation (Doc. # 171), p. 3.  This court has conducted a de novo review of the record as to all of the objections, and addresses each objection in turn.  See 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made.").

## II.  Plaintiff's Objections

Thomas' allegations and comments in his objections are mostly restatements of his previous assertion that defendants willfully and inexcusably denied him access to necessary medical care in violation of the Eighth Amendment's prohibition on cruel and unusual punishment.  See id.  This is the same contention that Magistrate Judge Stanley carefully considered in her first Proposed Findings and Recommendation dated July 24, 2009 (Doc. # 135).  In particular, Thomas submits as evidence of his serious condition that his doctor has placed him on a ten pound lifting restriction.  Thomas also states that "the fact cannot be ignored

if the hernia burst, the Plaintiff will die." See id. Thomas further argues that "the Eighth Amendment can be violated when failure to treat a prisoner results in pain, even if it does not result in a worsening of the patient's condition." See id.

In determining whether defendants violated Thomas' Eighth Amendment rights, the court must inquire whether "the deprivation of [a] basic human need was objectively sufficiently serious," and second whether "subjectively the officials act[ed] with a sufficiently culpable state of mind." Shakka v. Smith, 71 F.3d 162, 166 (4th Cir. 1995) (quoting Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993)(quotation omitted)).  Having carefully reviewed Thomas' synopsis of care, Magistrate Judge Stanley concluded that there was no evidence of deliberate indifference on defendants' part with respect to Thomas' medical complaints. Indeed, Magistrate Judge Stanley concluded that defendants had attended to Thomas' medical concerns by scheduling a number of doctor's visits for him and providing him treatment for his various complaints.  See Magistrate Judge Stanley's Proposed Findings and Recommendation, p. 6 (Doc. # 170).

Having independently reviewed the record, the court comes to the same conclusion as did Magistrate Judge Stanley.  Defendants' affirmative steps to provide Thomas with timely medical attention plainly demonstrate that defendants were not deliberately indifferent to plaintiff's needs.

4

Thomas' synopsis of care since July 2008 spans approximately two and a half pages, and lists thirty-one individual events, eight of which relate specifically to an evaluation, or treatment of his hernia. See Exhibit 1 to Defendants' Motion for Summary Judgment, pp. 1-3.  Relevant to his allegations in this case, the synopsis of care shows that on May 14, 2009, Thomas was seen in a nurse sick call, and referred to an MD for an evaluation of his request for a hernia repair. Id. at 1.  Less than ten days later, on May 22, 2009, a physician assessed Thomas' hernia and concluded that surgery was not necessary at that time, since the hernia was reducible through the use of a hernia belt, which the physician issued to Thomas during the course of the visit. Id. at 1.  Further, the synopsis of care lists two other visits, both in January 2009, when plaintiff's hernia was previously evaluated and Thomas received a new truss. Id. at 1.

These individual events show that the defendants clearly attended to plaintiff's complaints of pain and had a sound medical basis for concluding that Thomas' hernia did not necessarily require surgery.  The extensive synopsis of care provides support for defendants' assertion that Thomas' hernia could be treated through other, non-invasive means.  This conclusion is buttressed by the fact that between the end of Janaury 2009 and the end of May 2009, Thomas' hernia had stopped growing, the truss was supporting his hernia better, and Thomas

complained of less pain.  These individual observations, when taken together, articulate a rational basis for the defendants' conclusion that a more conservative course of treatment was appropriate, and that hernia surgery was not warranted.  See Garrett v. Elko, No. 95-7939, 1997 U.S. App. LEXIS 21271, at *6-7 (4th Cir. Aug. 12, 1997) (a "proper eighth amendment inquiry should involve looking beyond the labels and examining the substance of the claim presented.").  The court is therefore satisfied that plaintiff cannot make a showing of deliberate indifference based on the evidence submitted.

The fact that Thomas disagrees with his health care provider's recommended course of action is no basis for Thomas to assert a right to relief, "unless exceptional circumstances are alleged."  Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985).  No such circumstances are alleged in this case.  Accordingly, plaintiff's objection is **OVERRULED**.

### III. Conclusion

For the reasons stated above, the court **CONFIRMS** and **ACCEPTS** Magistrate Judge Stanley's proposed findings and recommendation, **GRANTS** defendants' motion for summary judgment, and **DIRECTS** the Clerk to remove this case from the court's docket.

The Clerk is further directed to forward a copy of this Memorandum Opinion and Order to plaintiff, pro se, and all counsel of record.

It is **SO ORDERED** this 18th day of March, 2011.

                                  ENTER:

                                  *David A. Faber*
                                  David A. Faber
                                  Senior United States District Judge